**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| S. T., by and through Ashok and Bakula Trivedi, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-12-285 |
| SECRETARY JANET NAPOLITANO, Secretary, Department of Homeland Security, BRIAN CLARKE, Acting Regional Director of Houston Passport Agency, MICHAEL J. ASTRUE, Commissioner, Social Security Administration, and HILLARY R. CLINTON, Secretary of the United States Department of State, | § § § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, S.T., challenges the denials of his N-600 Application for Certificate of Citizenship ("N-600"), passport application, and social security card application by the Department of Homeland Security ("DHS"), the Secretary of DHS, the Acting Regional Director of the Houston Passport Agency, the Commissioner of the Social Security Administration, and the Secretary of State. (Docket Entry No. 25). The applications were denied due to insufficient evidence establishing a biological relationship between S.T. and United States citizens Ashok and Bakula Trivedi (S.T.'s alleged biological parents). This evidence of a biological relationship is necessary for S.T. to derive American citizenship from the Trivedis. The defendants required the Trivedis to submit DNA test results for S.T. to establish the biological relationship. The Trivedis claim that they did not perform the DNA testing on S.T. because doing so would violate their religious beliefs.

In the third amended complaint, S.T. asserted claims against all the defendants under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–559, 701–706, the Mandamus Act, 28 U.S.C. § 1361, the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  S.T. also asserted claims against DHS, the Secretary of DHS, the Passport Agency Director, and the Secretary of State under the First Amendment and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq*.  In addition, S.T asserted a claim under 8 U.S.C. § 1503[1] against the Social Security Commissioner.

The defendants filed a motion for partial dismissal on August 9, 2012.  (Docket Entry No. 31).  They concede that S.T. states claims under RFRA and § 1503, and filed an answer to those claims.[2]  (*Id.* at 1; Docket Entry No. 30).  The defendants have moved to dismiss the remaining claims.

---

[1]  This statute provides, in relevant part,

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States . . . .

8 U.S.C. § 1503(a).

[2]  The motion to dismiss states that "Plaintiff has alleged an 8 U.S.C. § 1503 cause of action against Defendant [Social Security Commissioner] Astrue only." (Docket Entry No. 31, at 1).  The complaint contains only one count in which S.T. proceeds directly under § 1503.  That count is directed toward the Social Security Commissioner.  (Docket Entry No. 25, ¶ 30).  Section 1503 authorizes a plaintiff to file a suit for a declaratory judgment that he is a United States national.  S.T. seeks this relief not only in connection with the denial of his social security card application, but also in connection with the denial of his N-600 and passport applications.  (*See id.*, ¶¶ 20, 25, 30–31).  Although the § 1503 claim appears only in the claims against Astrue, the relief S.T. seeks — a declaration of citizenship — is not so limited.  The denial of his social security card was sufficient for S.T. to seek a judicial determination of his citizenship; he did not need to separately assert a § 1503 claim for each of the other application denials.  *See* 8 U.S.C. § 1503.

Based on the complaint, the motion to dismiss and responses, and the relevant law, this court grants in part and denies in part the motion for partial dismissal. The motion is granted as to S.T.'s claims under the APA, Mandamus Act, First Amendment, and EAJA. The APA, Mandamus Act, and First Amendment claims are dismissed with prejudice. The EAJA claim is dismissed without prejudice to reassertion at the appropriate stage in the case. The motion to dismiss S.T.'s request for declaratory relief is denied.

The reasons for these rulings are set out below.

**I.     Background**

S.T. is a citizen of India. He is currently eleven years old. Bakula and Ashok Trivedi are both natives of India. Ashok became a United States citizen in 1997; Bakula became a citizen in 1995. (Docket Entry No. 25, ¶ 2).

Bakula and Ashok Trivedi practice the Swaminarayan religion. They believe they are required to follow their swami's religious instruction fully and completely. About a year before S.T.'s birth in 2001, their swami told them they would soon have a child who was a gift from a divine source. The swami instructed them that the child must never be subjected to medical testing. They assert that they have complied with this instruction. (*Id.*, ¶¶ 3–4).

In September 2001, S.T.'s parents arrived with S.T. at the U.S. Consulate in Mumbai, India. They asserted that they were S.T.'s biological parents and applied on his behalf for a Consular Report of a Birth Abroad of a Citizen of the United States of America ("CRBA"), a passport, and a social security card. The applications were denied. The denial documents stated that the Trivedis failed to provide evidence of a blood relationship to S.T. but that the Trivedis could submit DNA test results for S.T. to provide the evidence. A consular official with whom the Trivedis met

indicated that the applications would not be granted without the DNA test results. (*Id.*, ¶¶ 5–6). S.T.'s application for a social security card was denied in February 2010. (*Id.*, ¶ 14).

In February 2010, S.T. entered the United States under a humanitarian-parole grant. In April 2010, S.T. again filed a passport application and an N-600. The State Department and the United States Citizenship and Immigration Services ("USCIS") again asked for DNA testing to establish the biological relationship between S.T. and the Trivedis. No DNA testing was performed. The passport application was denied in December 2010 and the N-600 was denied in September 2011. (*Id.*, ¶¶ 7–12).

On June 28, 2011, S.T. filed a new passport application. (*Id.*, ¶ 11). In October, 2011, S.T. filed an appeal from the denial of his N-600 with the USCIS Administrative Appeals Office. (*Id.*, ¶ 13). During this appeal process, S.T. claimed a religious objection to DNA testing, stating, "Even if [S.T.'s] birth certificate is not accepted as evidence by USCIS for a claimed biological relationship, [S.T.'s] religious beliefs forbid the use of scientific testing." (Docket Entry No. 11, Ex. 11, N-600 Appeal, pt. 3).

On January 30, 2012, S.T. filed the present suit. He argued primarily that the defendants' insistence on DNA testing as a condition for approving the applications violated his constitutional right to the free exercise of religion and was an invalid basis for denying him citizenship. (Docket Entry No. 25, ¶¶ 17, 22). He also sought a judicial declaration of citizenship under 8 U.S.C. § 1503. (*Id.*, ¶ 30).

On May 22, 2012, S.T.'s appeal of his N-600 was denied as untimely. The AAO treated the appeal as a motion to reopen and reconsider and returned it to the USCIS to adjudicate. On June 12,

2012, the motion was denied. On June 15, 2012, S.T.'s passport application was denied. (Docket Entry No. 31, at 3).

On August 9, 2012, the defendants filed this motion for partial dismissal. (Docket Entry No. 31). They argue that S.T.'s Declaratory Judgment Act claim must be dismissed because the Act does not provide an independent cause of action or basis for jurisdiction. They argue that the APA and Mandamus Act claims must be dismissed because adequate alternative judicial remedies exist. They argue that S.T.'s First Amendment claim must be dismissed because RFRA offers greater protection and because S.T. challenges a neutral act of general applicability. Finally, they argue that this court lacks subject-matter jurisdiction over the claim for attorneys' fees because S.T. is not a prevailing party with a final judgment. (*Id.* at 2).

Each ground for dismissal is analyzed below.

**II.     The Legal Standards**

An action is properly dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the action. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). In reviewing a motion under Rule 12(b)(1) for lack of subject-matter jurisdiction the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

5

A court may also dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief — including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III.   Analysis

### A.   The Declaratory Judgment Act

The Declaratory Judgment Act does not create an independent basis for district-court jurisdiction. Rather, it provides a remedy when jurisdiction is otherwise established. *Skelly Oil Co. v. Phillips Petrol. Co.*, 339 U.S. 667, 671–72 (1950). S.T. seeks a declaratory judgment granting his N-600, passport, and social security card applications, and a declaratory judgment that he is a United States citizen. (Docket Entry No. 25, ¶¶ 20, 25, 30–31). Section 1503(a) specifically authorizes a plaintiff to sue an agency that has denied some privilege of citizenship for a declaratory judgment that the plaintiff is a United States citizen. The defendants concede that S.T. has stated a cognizable claim under 8 U.S.C. § 1503 as well as under RFRA.[3] Those claims provide a basis for this court's subject-matter jurisdiction. *See, e.g.*, *Patel v. Rice*, 403 F. Supp. 2d 560, 562 (N.D. Tex. 2005) ("This is a declaratory judgment action brought pursuant to 8 U.S.C. § 1503(a). . . . This

---

[3] As discussed in note 2, *supra*, although S.T. asserted the § 1503 claim against the Social Security Commissioner only, the relief S.T. sought under § 1503 for the denial of his social security card application — a declaration that he is a U.S. citizen — would also apply to the N-600 and passport applications.

6

court has power to grant the relief sought under 8 U.S.C. § 1503 and 28 U.S.C. § 2201."); *see also* 42 U.S.C. § 2000bb–1(c) ("A person whose religious exercise has been burdened in violation of [RFRA] may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government.").

The defendants clarified in their reply brief that they "do not claim that Plaintiff is not entitled to a declaratory judgment should he be successful in his surviving causes of action since they entitle him to such relief. Rather, Plaintiff cannot bring a cause of action under the Declaratory Judgment Act as a separate and independent cause of action, which is what he did in his current operative Complaint." (Docket Entry No. 39, at 2). The complaint does not, however, assert relief under the Declaratory Judgment Act as a separate and independent cause of action. Rather, the complaint seeks relief under the Declaratory Judgment Act if S.T. prevails on his underlying claims, specifically his claim under § 1503. This court denies the motion to dismiss the request for relief under the Declaratory Judgment Act, but notes that this ruling does not allow the assertion of a separate or independent basis for liability under that Act.

### B.     The Administrative Procedure Act

S.T. seeks review of an adverse agency action under the APA. 8 U.S.C. § 1503 provides a means to remedy the adverse action. The parties disagree about whether this precludes S.T.'s APA claim.

"Agency actions made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. The APA applies if there are no other judicial remedies available. *See, e.g.*, *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1273–74 (D.C. Cir. 2005)

(examining whether the relief available under 42 U.S.C. § 233 was sufficient to preclude APA review of HHS actions and concluding that it was not). This determination hinges on whether the alternative remedies are "adequate" to redress the injury alleged, although the alternative need not be "more effective" than APA review. *See Council of & for the Blind of Del. Cnty. Valley, Inc. v. Regan*, 709 F.2d 1521, 1532–33 (D.C. Cir. 1983).

Review of agency action under the APA is precluded under 5 U.S.C. § 704 because the relief that S.T. seeks — a judicial declaration of citizenship and resulting entitlement to a passport and social security card — may be directly sought through 8 U.S.C. § 1503(a). *See Sanchez v. Clinton*, 2012 WL 208565, at *5 (S.D. Tex. Jan. 24, 2012); *Villegas v. Clinton*, 2010 WL 5387553, at *9 (S.D. Tex. Dec. 20, 2010) (same). Similarly, S.T.'s claimed violation of his right to freely exercise his religion is adequately addressed through his RFRA claims. *See, e.g., S. Fork Band Council of W. Shoshone v. U.S. Dep't of the Interior*, 2009 WL 73257, at *1 (D. Nev. Jan. 7, 2009) ("In including a citizen-suit provision that enables a plaintiff to obtain 'appropriate relief,' the RFRA provides an adequate alternative remedy to review under the APA.").

S.T. argues that no alternate "adequate remedy" to the APA is clearly available because the defendants have not conceded the validity of any of his claims. (Docket Entry No. 34, ¶ 8). This argument lacks merit. The defendants have answered S.T.'s § 1503 and RFRA claims and do not seek to dismiss them.

The APA claim is dismissed for lack of subject-matter jurisdiction. S.T. has previously amended his complaint to assert this claim, without success; this claim is dismissed with prejudice because further amendment would be futile.

  **C.**  **The Mandamus Act**

S.T. asserts a claim under the Mandamus Act, 28 U.S.C. § 1361.  This statute gives district courts original jurisdiction over any action in the nature of mandamus to compel an agency to perform a nondiscretionary duty owed to a plaintiff.  This remedy is available only if all other avenues of relief are exhausted.  *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  In *Cartier v. Secretary of State*, 506 F.2d 191 (D.C. Cir. 1974), the D.C. Circuit held that mandamus was an inappropriate remedy for contesting agency determinations of nationality status because the remedies under 8 U.S.C. § 1503 are "more than adequate."  *Id.* at 199 (noting that mandamus is an "extraordinary remedy to be utilized only in the clearest and most compelling cases"); *see also Sanchez*, 2012 WL 208565, at *5 (dismissing a claim under the Mandamus Act because it "was an inappropriate remedy for contesting agency determinations as to nationality status because the remedies under 8 U.S.C. § 1503 are 'more than adequate.'"); *Garza v. Clinton*, 2010 WL 5464263, at *4 (S.D. Tex. Dec. 29, 2010) (same).  S.T.'s claim that his right to religious freedom is violated is, again, one that may be addressed through his RFRA claim and does not provide a basis for mandamus.

S.T. again argues that no alternate "adequate remedy" is available because the defendants have not conceded the validity of any of his claims.  (Docket Entry No. 34, ¶ 8).  This argument lacks merit for the reasons identified above.  S.T.'s application for a writ of mandamus is dismissed, with prejudice, because further amendment would be futile.

### D. The Religious Freedom Claims

The right of free religious exercise protected by the First Amendment "does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)."

9

*Employment Div. v. Smith*, 494 U.S. 872, 879 (1990) (quotation omitted); *see also Cornerstone Christian Schs. v. Univ. Interscholastic League*, 563 F.3d 127, 135 (5th Cir. 2009); *Kaemmerling v. Lappin*, 553 F.3d 669, 677 (D.C. Cir. 2008). In holding that the Free Exercise Clause does not prohibit "governments from burdening religious practices through generally applicable laws," the Supreme Court in *Smith* "rejected the interpretation of the Free Exercise Clause announced in *Sherbert v. Verner*, 374 U.S. 398 (1963) . . . [and] held that the Constitution does not require judges to engage in a case-by-case assessment of the religious burdens imposed by facially constitutional laws." *Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal*, 546 U.S. 418, 424 (2006) (citing *Smith*, 494 U.S. at 883–90).

Congress responded to *Smith* by enacting RFRA. Congress adopted "a statutory rule comparable to the constitutional rule rejected in *Smith*" that was previously used in cases such as *Sherbert* and *Wisconsin v. Yoder*, 406 U.S. 205 (1972). *O Centro*, 546 U.S. at 424, 431 (citing 42 U.S.C. § 2000bb(b)(1)). "RFRA offers religious exercise greater protection from intrusion by religion-neutral federal laws" than does the First Amendment. *Kaemmerling*, 553 F.3d at 677. Under RFRA, the federal government may not substantially burden the exercise of religion, "even if the burden results from a rule of general applicability," unless the rule furthers a compelling government interest and is the least restrictive means of furthering that interest. *Id.* (citing 42 U.S.C. § 2000bb-1(b)–(c)).

S.T.'s complaint alleges that by conditioning his citizenship on a DNA test and by denying his citizenship and related applications on the basis of his refusal to submit to the test, the government has impermissibly burdened the religious beliefs he and his parents hold. S.T. framed this as both a First Amendment violation and a RFRA violation. Neither S.T.'s complaint nor his

brief in response to the motion to dismiss allege or argue that the request for a DNA test is anything but religion-neutral and generally applicable.

The defendants moved to dismiss the First Amendment claim because RFRA provides an adequate alternative statutory remedy to the alleged constitutional violation and because S.T. challenges a religion-neutral and generally applicable action. Although the first argument does not justify dismissal, the second does. RFRA expands protection for religious exercise; it does not provide an alternative remedy for a First Amendment violation. The defendants argue that the principle of constitutional avoidance, *see generally Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring), warrants dismissing S.T.'s constitutional claim in light of the RFRA claim. This court need not consider that argument because S.T. has asserted no viable constitutional claim. Because S.T. challenges only a religion-neutral and generally applicable requirement, he has failed to allege a First Amendment violation. This is so even if the requirement at issue — here, requiring DNA testing — incidentally affects a religiously motivated decision — the decision not to have S.T. tested. *See Smith*, 494 U.S. at 879.

S.T. argues that the refusal to submit to the DNA test is an "area[] of conduct protected by the Free Exercise Clause of the First Amendment and thus beyond the power of the State to control, even under regulations of general applicability." (Docket Entry No. 34, ¶ 12 (quoting *Yoder*, 406 U.S. at 220)). The language S.T. cites was rejected as a constitutional principle in *Smith* but was revived as a statutory remedy by RFRA. S.T.'s avenue for relief lies under that statute. After *Smith* and the passage of RFRA, S.T. states a valid claim under RFRA but not under the First Amendment. The defendants acknowledged this by answering the RFRA claim and by conceding that it ought not be dismissed.

11

S.T.'s First Amendment claim is dismissed, with prejudice, because further amendment would be futile.

### E. The Claim to Fees Under the Equal Access to Justice Act

Under the EAJA, a court may award reasonable fees and expenses to the prevailing party in any civil action brought against a United States agency or official acting in an official capacity. 28 U.S.C. § 2412(b), (d)(1)(A). A party seeking attorneys' fees must submit an application "within thirty days of final judgment in the action." *Id.*, § 2412(d)(1)(B). S.T.'s claim for fees is not yet ripe because he is not yet a prevailing party. *See, e.g.*, *Pierce v. Barnhart*, 440 F.3d 657, 661–64 (5th Cir. 2006); *United States ex rel. Roberts v. Aging Care Home Health, Inc.*, 2005 WL 1662006, at *5 (W.D. La. July 15, 2005). This claim must be dismissed, but without prejudice to reassertion if and when appropriate.

### IV. Conclusion

The defendants' motion for partial dismissal, (Docket Entry No. 31), is granted in part and denied in part. It is denied as to the request for a declaratory judgment. It is granted as to the APA and Mandamus Act claims, which are dismissed for lack of subject-matter jurisdiction, with prejudice and without leave to amend; granted as to the First Amendment claim, which is dismissed for failure to state a claim on which relief may be granted, with prejudice and without leave to amend; and granted as to the claim for attorney's fees under the EAJA, which is dismissed without prejudice and with leave to reassert if and when appropriate.

SIGNED on December 5, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge